UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GAIL B. PERKINS | CIVIL ACTION NO. 19-11310 |
| VERSUS | JUDGE |
| HUNTINGTON INGALLS INDUSTRIES, (formerly NORTHROP GRUMMAN SHIPBUILDING, INC., formerly AVONDALE INDUSTIRES, INC., and formerly AVONDALE SHIPYARDS, INC.) and its Executive Officers, C. EDWIN HARTZMAN, HETTIE "DAWES" EAVES, HENRY "ZAC" CARTER, JAMES BULL, ROY BARKDULL, ALBERT BOSSIER, AND EWING MOORE; LAMORAK INSURANCE COMPANY (as successor to OneBeacon American Insurance Company, Commercial Union Insurance Company as the Liability Insurer of the Executive Officers of Avondale Industries, inc.); AMERON INTERNATIONAL CORPORATION; AND INTERNATIONAL PAINT LLC. | MAGISTRATE JUDGE |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant International Paint LLC ("International Paint"), without waiving any rights, defenses, exceptions, or objections, hereby removes the state court action entitled "*Gail B. Perkins v. Huntington Ingalls Inc., et al.*" bearing Civil Action No. 2019-03825 in the Civil District Court for the Parish of Orleans, Division "I" Section 14, to the United States District Court for the Eastern District of Louisiana, on the following grounds:

1

## I.     OVERVIEW

1. Petitioner Gail B Perkins ("Petitioner" or "Mrs. Perkins"), individually and on behalf of her deceased husband, Lucius T Perkins ("Decedent" or "Mr. Perkins") served International Paint with a Citation and Petition For Wrongful Death and Survival Damages (the "Petition") on June 6, 2019.  A complete copy of the entire state court record, including the Citation and Petition, is attached to this pleading as Exhibit A.[1]

2. This Notice of Removal is being filed with this Court within thirty (30) days after International Paint received a copy of Petitioner's initial pleading setting forth the claims for relief upon which Petitioner's action is based.

3. This Court is the proper district court for removal because the State Court Action is pending within this district.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, diversity of citizenship, because (1) the requisite diversity of citizenship exists between Petitioner and the diverse defendants International Paint and Ameron International Corporation ("Ameron"); (2) Huntington Ingalls Industries and its predecessors in interest ("Avondale") and Albert L. Bossier, Jr. were voluntarily dismissed from the Petition on June 19, 2019; (3) the remaining defendants, C. Edwin Hartzman, Hettie "Dawes" Eaves, Henry "Zac" Carter, James Bull, Roy Barkdull, and Ewing Moore (the "Executive Officers") and Lamorak Insurance Company ("Lamorak"), are improperly joined; and (4) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

---

[1] The Petition and Citation are located at pages 1-10 and 17.

5. Promptly after filing this Notice of Removal, written notice hereof will be given to Petitioner and will be filed with the Clerk of Court for the Civil District Court for the Parish of Orleans, Division "I" Section 14, in conformity with 28 U.S.C. § 1446(d).

## II. PARTIES

6. Petitioner is, upon information and belief, a person of the full age of majority, and a resident, domiciliary, and citizen of Louisiana.

7. Defendant International Paint is not a citizen of Louisiana. International Paint is a Delaware limited liability corporation whose sole member is Akzo Nobel Coatings Inc., which is a Delaware corporation whose principal place of business in Illinois.

8. Defendant Ameron is not a citizen of Louisiana. Upon information and belief, Ameron is a Delaware corporation whose principal place of business is in Texas.

9. The remaining defendants, Lamorak and Avondale's Executive Officers (the "Employer Defendants"), are statutorily immune from suit under the exclusivity provision of the Louisiana Workers' Compensation Law, La. R.S. § 23.1032. Accordingly, their citizenship is irrelevant.

## III. DIVERSITY REQUIREMENT

10. Petitioner has improperly joined the Employer Defendants to this action for the sole purpose of destroying federal jurisdiction. Because Petitioner has no possibility of recovery against Avondale's Executive Officers or Lamorak in a tort suit, the Employer Defendants' citizenship must be disregarded for purposes of removal. *See Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995). When the citizenship of these improperly joined parties is disregarded, complete diversity exists between Petitioner and the remaining defendants.

11. The doctrine of improper joinder prevents a plaintiff from defeating federal diversity jurisdiction simply by naming non-diverse defendants. *See Green v. BP Am. Prod. Co.*, No. 18-

3

cv-0888, 2018 U.S. Dist. LEXIS 195208, *8 (W.D. La Oct. 26, 2018). A party has been improperly joined when "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [it]." *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 2000).

12. Here, there is no reasonable basis to predict that the Petitioner can recover from the Employer Defendants because the Decedent's claims arise from his employment with Avondale.[2] The Petition alleges that Mr. Perkins worked as a painter, outfitter, and shipfitter at Avondale's Algiers yard between 1983 and 2009. Ex. A at ¶ 1. In that position, Mr. Perkins was allegedly exposed to benzene and benzene-containing products. Ex. A at ¶ 5. Petitioner claims that Mr. Perkins developed AML and died on May 14, 2018 as a result of his exposure to benzene at Avondale. *Id*. The claims against the Executive Officers and Lamorak are limited to Mr. Perkins' employment injuries. Specifically, the Petition alleges that defendants C. Edwin Hartzman, Hettie "Dawes" Eaves, Henry "Zac" Carter, James Bull, Roy Barkdull, and Ewing Moore failed to prevent harm to Mr. Perkins during his employment at Avondale. *Id*. at ¶¶ 3, 27-30. Likewise, Avondale's insurer, Lamorak, was named as a defendant because it is "the insurance carrier covering [Avondale's Executive Officers]" for any liability related to Mr. Perkins' alleged injuries at Avondale. *Id*. at ¶ 3.

13. La. R. S. § 23:1032 provides for the exclusive remedy against an employer and any officer, director or employee of such employer for unintentional torts in wrongful death and survival actions. La. R. S. § 23:1032(A)(1)(a)-(b); *see also Bourque v. Nan Ya Plastics Corp*., 906 F. Supp.

---

[2] Petitioner alleges that Avondale's officers are citizens of Louisiana because they were domiciled in Louisiana at the time of their deaths. Ex. A at ¶ 1. By asserting that Avondale's executive officers have been improperly joined, International Paint does not concede the accuracy of this allegation.

348 (M.D.La. 1995) (holding that employer defendants were improperly joined because La. R. S. § 23:1032 displaced all of plaintiff's rights to bring suit against the injured employee's employer or co-employees in state court); *Landry v. Avondale Indus.*, 877 So. 2d 970, 978 (La. 2004) (noting that a plaintiff's cause of action for wrongful death will be barred by La. R. S. § 23:1032(A) if it arose after 1976). Louisiana Workers' Compensation Law also extends immunity to insurers of an employer's executive officers. *See*, *e.g.*, *Landry v. Avondale Indus*. 877 So. 2d 970 (La. 2004) (noting that the immunity provided by La. R. S. § 23:1032 bars a plaintiff's action against executive officer defendants and their liability insurer). Because the Petition does not allege that the Employer Defendants consciously desired Mr. Perkins to develop complications from benzene or that Mr. Perkins' injuries were "virtually sure to occur" from his exposure, Petitioner has not pled any intentional torts that would be exempted from Workers Compensation Law immunity.[3] *Bourque*, 906 F. Supp. at 353. Accordingly, the Petition's claims against the Employer Defendants are statutorily barred and their joinder is improper.

14. When the Court ignores the citizenship of the improperly joined Employer Defendants, complete diversity exists between the Petitioner and the remaining defendants.

### IV. AMOUNT IN CONTROVERSY

15. It is facially apparent that the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

---

[3] Petitioner's allegations of fraud do not satisfy the intentional tort exception to Workers' Compensation Law either because fraud requires a showing of intent, which the Petitioner does not allege. *See Delahoussaye v. Morton Int'l, Inc*., 300 Fed. Appx. 257, 258 (5th Cir. 2008) (holding that the "mere knowledge and appreciation of a risk does not constitute intent."). Petitioner's fraud allegation is, at best, gross negligence, and gross negligence does not satisfy the intentional act exception to workers compensation exclusivity. *Id*; Ex. A at ¶ 27 (noting that fraud claim is passive).

16. Although Petitioner has not specifically pled an amount in controversy, it is facially apparent that the claims are likely to exceed $75,000.00. Petitioner alleges that Mr. Perkins suffered physical pain and suffering; mental pain and suffering; emotional distress; disability; medical expenses; and loss of enjoyment of life prior to his death at the age of 54. Ex. A. at ¶ 9. Petitioner further alleges that she suffered loss of support; loss of consortium and society, love and affection; loss of services; loss of companionship; mental pain and anguish; emotional distress and grief; and funeral and burial expenses. *Id*.

17. Taken together, these allegations establish that the amount in controversy exceeds $75,000.00. *See*, *e.g*., *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. Appx. 62 (5th Cir. 2010) (holding that it was facially apparent that monetary requirement is satisfied where wife sought damages for loss of companionship and consortium); *De Aguilar v. Boeing Co.*. 11 F.3d 55 (5th Cir. 1993) (holding that it is facially apparent that claims for wrongful death, loss of companionship, and funeral expenses by family members of plane-crash victims would likely exceed the jurisdictional amount).

### V. CONSENT

18. The Employer Defendants are improperly joined. As a result, International Paint does not need their consent to this removal. *See Jernigan v. Ashland Oil, Inc*. 989 F.2d 812, 815 (5th Cir. 1993), *cert. denied*, 510 U.S. 868 (1993).

19. Ameron, the only remaining diverse defendant, consents to this filing.

### VI. TIMING

20. A Notice of Removal is timely when filed "within 30 days after the receipt by the defendant through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon

which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).  Because International Paint was served with a copy of the Petition on June 6, 2019, this Notice of Removal is timely.

WHEREFORE, Defendant International Paint prays that this Notice of Removal be accepted as good and sufficient, and that the aforementioned state court action entitled "*Gail v. Perkins v. Huntington Ingalls Inc., et al.*" bearing Civil Action No. 2019-03825 in the Civil District Court for the Parish of Orleans, Division "I" Section 14, be removed to the United States District Court for the Eastern District of Louisiana for further proceedings as provided by law.

New Orleans, Louisiana, this 21st day of June, 2019.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/ Jeffrey A. Clayman*
Barbara L. Arras (Bar #17908)
Jeffrey A. Clayman (Bar #30442)
R. Harrison Golden (Bar #38468)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Facsimile: 504-568-9130
Email: barbara.arras@phelps.com
jeffrey.clayman@phelps.com
harris.golden@phelps.com

**ATTORNEYS FOR DEFENDANT INTERNATIONAL PAINT, LLC**

7

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 21st day of June, 2019, served a copy of the foregoing pleading upon counsel for Petitioner at the address below via e-mail and/or U.S. Mail postage prepaid and properly addressed.

>Ron A. Austin, Bar No. 23630
>Jevan S. Fleming, Bar No. 26030
>Ron Austin & Associates, L.L.C.
>400 Manhattan Boulevard
>Harvey, Louisiana 70058

>*/s/ R. Harrison Golden*
>R. Harrison Golden