# EXHIBIT A

# I

## Section 14

### CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

### STATE OF LOUISIANA

NO.                                              DIVISION: "    "

#### GAIL B. PERKINS, INDIVIDUALLY, AND ON BAHALF OF
#### HER DECEASED HUSBAND, LUCIUS T. PERKINS

#### VERSUS

**HUNTINGTON INGALLS INDUSTRIES, (formerly NORTHROP GRUMMAN SHIPBUILDING, INC., formerly AVONDALE INDUSTRIES, INC., and formerly AVONDALE SHIPYARDS, INC) and its Executive Officers, C. EDWIN HARTZMAN, HETTIE "DAWES" EAVES, HENRY "ZAC" CARTER, JAMES BULL, ROY BARKDULL, ALBERT BOSSIER, AND EWING MOORE; LAMORAK INSURANCE COMPANY (as successor to OneBeacon America Insurance Company, Commercial Union Insurance Company As the Liability Insurer of the Executive Officers of Avondale Industries, Inc.); AMERON INTERNATIONAL CORPORATION; AND INTERNATIONAL PAINT, LLC**

FILED: _____        _____
                                                      **DEPUTY CLERK**

### PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

The Petition of Gail B. Perkins, individually and on behalf of her deceased husband, Lucius T. Perkins, a person of full age of majority domiciled in the Parish of Jefferson, State of Louisiana, who respectfully brings this Petition for Wrongful Death, Survival Action and Damages specifically avers as follows:

1) Defendants, C. Edwin Hartzman, Hettie "Dawes" Eaves, Henry "Zac" Carter, James Bull, Roy Barkdull, and Ewing Moore were domiciled in Orleans Parish at the time of their deaths. Moreover, Lucius Perkins was exposed to benzene and benzene containing products when he worked as a Painter, Outfitter, and Shipfitter at Avondale's Algiers yard which is located in the Parish of Orleans. Accordingly, venue is proper in Orleans Parish against all Defendants pursuant to Louisiana Code of Civil Procedure Articles 42, 73, and 74.

2) Defendants, Huntington Ingalls Industries, (formerly Northrup Grumman Shipbuilding, Inc., formerly Avondale Industries, Inc., and formerly Avondale Shipyards, Inc.; Ameron International Corporation ("Ameron"); and International Paint, LLC are all corporations incorporated under the laws of the various states of the United States and all have their principal place of business in various states of the United States. These Defendants may be served under

**VERIFIED**

Celeste Hunter
2019 APR 10   A 09:18

2019 APR 08  P 05:31

CIVIL

DISTRICT COURT

**I**

**Section 14**

and by virtue of the Long Arm Statute of the State of Louisiana, either through authorized agents, servants, and/or through the Secretary of State, State of Louisiana.

**3)** At all material times herein, Defendants, C. Edwin Hartzman, Hettie "Dawes" Eaves, Henry "Zac" Carter, James Bull, Roy Barkdull, Albert Bossier, and Ewing Moore were executive officers of Northrop Grumman Shipbuilding, Inc. (formerly Northrup Grumman Shipbuilding, Inc., formerly Avondale Industries, Inc., and formerly Avondale Shipyards, Inc. (hereinafter "Avondale") with the specific responsibility for the health and safety of Lucius T. Perkins and fellow employees during the time Lucius Perkins was exposed to substances which resulted in his Acute Myeloid Leukemia ("AML") and other ill effects related thereto. C. Edwin Hartzman, Hettie "Dawes" Eaves, Henry "Zac" Carter, James Bull, Roy Barkdull, Albert Bossier, and Ewing Moore have since died, and pursuant to Louisiana Revised Statute, Plaintiff herein asserts a direct action against Lamorak Insurance Company, as successor to One Beacon America Insurance Company and Commercial Union Insurance Company, who at all times material herein, was the insurance carrier covering all of the foregoing individuals as well as Avondale Industries, Inc. for the liability asserted herein. Plaintiff asserts a direct action against Lamorak Insurance Company, as successor to One Beacon America Insurance Company and Commercial Union Insurance Company for the liability of these individuals pursuant to the Louisiana Direct Action Statute.

**4)** Plaintiff specifically alleges that Lucius Perkins was exposed to benzene and benzene containing products, including, but not limited to paint and solvents supplied by Ameron International Corporation and International Paint, LLC. At all material times, Mr. Perkins was employed as a Painter and Outfitter at Avondale Shipyards where he frequently used mineral spirits and other solvents to clean his work tools. As a result, he was frequently exposed to benzene and benzene-containing products supplied by Ameron International Corp. and International Paint, LLC.

**5)** Lucius Perkins was exposed daily to benzene and benzene-containing products, distributed, manufactured, and sold by Ameron and International Paint. Mr. Perkins sustained tissue damage shortly after each exposure to benzene, resulting in distinct bodily injuries from 1983 through 2009. As a result of his exposures to each of the Defendants' benzene-containing products, Mr. Perkins was diagnosed with AML on April 6, 2018, at the age of 54. As a direct and proximate result of exposure to benzene and products containing high levels of benzene, Mr.

E-Filed

2019 APR 08  P 05:31

CIVIL
DISTRICT COURT

Section 14

Perkins suffered injury, including but not limited to AML, physical damage, severe physical and mental pain, fear of further disease processes, disability, medical expenses, loss of enjoyment of life, and his untimely death on May 14, 2018.

6) Lucius T. Perkins leaves the following statutory survivor:

A. Mrs. Gail B. Perkins, spouse of Lucius T. Perkins and an adult resident citizen and domiciliary of Jefferson Parish, State of Louisiana.

7) Petitioner, Gail Perkins asserts any and all rights and claims to which she is entitled as a result of the injuries and death of Lucius T. Perkins as well as to assert any and all survival and wrongful death claims to which she is entitled.

8) All of the Defendants named in this Petition are jointly, severally, and in solido liable to Petitioner for the damages sustained as a result of Lucius Perkins' contraction of AML and other ill health effects related thereto and complications therefrom as well as for his death.

9) Petitioner is entitled to damages for the following: physical pain and suffering of Lucius Perkins; mental pain, suffering, and anguish (including, but not limited to fear of death and fear of complications) which Lucius Perkins suffered; emotional distress suffered by Lucius Perkins; disability; medical expenses; loss of enjoyment of life and lifestyle; loss of support; loss of consortium and society, love, and affection; loss of services, loss of companionship; mental pain and anguish which Gail Perkins endured from watching the suffering and death of her husband; emotional distress and grief suffered by Gail Perkins as a result of the death of Lucius Perkins; funeral and burial expenses; and all other general damages arising out of this survival and wrongful death action which may be shown at the trial of this matter.

10) At all material times herein, Defendants, Ameron and International Paint, themselves or through others, did manufacture, create, design, test, label, package, supply, market, sell, advertise, and otherwise distribute the benzene containing products that caused Lucius Perkins' illness and death.

11) At all times relevant hereto, the manufacture, creation, design, testing, labeling, packaging, marketing, sale and advertising by Defendants, Ameron and International Paint of their benzene containing products sought to create the image and impression that exposure to benzene was safe and had fewer side effects and adverse reactions than what was known by Defendants.

3 | P a g e

E-Filed

**12)** Defendants, Ameron and International Paint purposefully minimized and understated health hazards and risks associated with benzene. Defendants, through their literature, packaging and labeling deceived potential users, including, decedent about their benzene containing products by conveying certain information and omitting other information.

**13)** Prior to Decedent's exposure to benzene, information was available to Defendants, Ameron and International Paint with respect to the defects and dangerous nature of their products and solvents. At all times relevant hereto, it was known to all Defendants named herein, or they had reason to know of the increased risk of AML associated with the inhalation of benzene fumes, dermal absorption of benzene and ingestion of benzene.    Defendants falsely and fraudulently withheld relevant information from potential users, including Lucius Perkins.

**14)** Prior to the date upon which benzene containing products and solvents were utilized by Lucius Perkins, all Defendants named herein knew or should have known that it was extremely dangerous and unsafe for use by the general public for its intended purpose. Defendants failed to take appropriate action to cure these defects or, alternatively, failed to appropriately warn of the product's dangerous characteristics.

**15)** Defendants' actions showed willful misconduct, malice, fraud, wantonness, oppression, or an entire want of care which would raise the presumption of conscious indifference to consequences. Their wrongful conduct was done with the advance knowledge, authorization, and/or ratification of officers, directors, and/or managing agents of Defendants.

**16)** While working as a painter, ship-fitter, and tacker from 1983 through 2009, Mr. Perkins was exposed daily to high levels of benzene when he painted and fitted both inside and outside ships. He was exposed to high levels of benzene from products manufactured, distributed or sold by the Defendants.

**17)** Mr. Perkins suffered bone marrow deficiency shortly after each exposure to benzene, resulting in distinct bodily harm in each year from the early-1980s through 2017, which ultimately led to his death.

**18)** The health hazards of benzene have been recognized for over one hundred years. Benzene has been recognized as a carcinogen known to cause AML and leukemia. By the end of 1948, it was widely known to those in Defendants' industry in the United States, as well as the named Defendants or their predecessors, that exposure to benzene could cause a myriad of ill

E-Filed

health effects including such diseases as leukemia, multiple myeloma, lymphoma and other blood disorders such as myelodysplastic syndrome.

19) Through industry and medical studies unknown to Plaintiff, the Defendants knew or should have known of the health hazards inherent in the products it manufactured, distributed, sold, supplied, owned, transported, or used. The actions or inactions of the Defendants constitute gross negligence and demonstrate a reckless disregard for the rights and safety of others.

20) As a direct and proximate result of exposure to benzene and products containing high levels of benzene, Mr. Perkins suffered injury including, but not limited to, AML, Leukemia, physical damage, severe physical and mental pain, fear of further disease processes, disability, medical expenses, loss of enjoyment of life, and death.

21) AML is a cancer of the blood and bone marrow. The development of AML as a result of chronic benzene exposure has been well documented, and death resulting from AML has been associated with benzene exposure.

22) The adverse impact of exposure to levels of benzene has been known to range from less than five years to in excess of thirty years.

23) Adverse chronic effects of exposure to benzene and its oxidation products are a result of their influence on the blood forming system.

24) Exposure to benzene occurs through inhalation of vapors, although skin contact may occur. Chronic benzene poisoning results from repeated or continuous exposure to relatively low-concentrations of benzene vapors. Breathing very high levels of benzene can also result in death.

25) In the September 1948 edition of the American Petroleum Institute Toxicological Review, the authors recommended precautionary measures for workers who are exposed to benzene. As of 1948, the American Standards Association and most states set an arbitrary limit of 100ppm as the maximum permissible benzene concentration for workers exposed to this substance during an 8-hour day. In as much as the body develops no tolerance to benzene, and as there is a wide variation to individual susceptibility, it is generally considered that the only absolute safe concentration for benzene is zero. The concentration of benzene vapor in the air should be checked regularly in situations where excessive exposures are apt to be encountered.

26) Safety measures necessary for the prevention of benzene poisoning are primarily those designed to prevent the inhalation of benzene vapor. Ventilation should be designed to prevent

E-Filed

2019 APR 08  P 05:31

CIVIL
DISTRICT COURT

toxic concentrations of the vapor from reaching the breathing zone of individuals who may potentially be exposed.

**27)** The Defendants were aware of the dangerous condition presented by exposure to benzene and that Mr. Perkins would suffer from diseases and other ill health effects as a result of these exposures. Defendants willfully withheld knowledge of the health dangers from exposure to benzene. Under Louisiana law, fraud may be either active or passive. Passive fraud may arise from a defendant's silence or failure to act. In support of their fraud claims against the Defendants, the Plaintiff would respectfully show as follows:

    a. Mr. Perkins was not warned by any of the Defendants that he was being exposed to dangerous levels of benzene at any time between 1983 and 2009.

    b. From 1983 to 2009, Avondale and its Executive Officers failed to warn Mr. Perkins that he was being exposed to dangerous levels of benzene fumes. Additionally, they failed to warn that these exposures could cause cancers, and blood diseases and failed to provide adequate training and personal protective gear to minimize exposure.

    c. Avondale's Executive Officers as supervisors of Mr. Perkins and operators of the facilities in which he worked, had an obligation to prevent hazardous conditions and/or warn of hazardous conditions.

**28)** Avondale and its Executive Officers, Amerone, and International Paint knew or should have known about the causal connection between benzene exposure and blood disorders including AML. The Defendants failed to warn Mr. Perkins about the health hazards associated with benzene exposure.

**29)** Avondale and Avondale Executive Officers and supervisors knew that their painters and ship-fitters, such as Mr. Perkins, were being exposed to dangerously high levels of benzene but failed to warn its employees or provide respiratory protection.

**30)** Avondale and its Executive Officers and supervisors failed to warn Mr. Perkins and other similarly situated workers about the health hazards associated with exposure to benzene.

**31)** Ameron and International Paint are guilty of negligence, strict liability, and fault identified throughout this Petition more specifically as follows:

**32)** The Defendants, Ameron and International Paint breached duties, which they owed to Mr. Perkins and the Plaintiff to exercise proper care in manufacturing and selling their respective products. More specifically, Defendants breached the following duties:

E-Filed

# I

## Section 14

a) To design its products to contain available and suitable products other than benzene;

b) To sell benzene-free products;

c) To select materials other than benzene for inclusion into its products;

d) To fully test its respective products for health risks associated with the normal and intended use of its products;

e) To fully instruct and warn users and bystanders in the uses of its respective products so as to eliminate or reduce the health hazards associated with its normal and intended use;

f) To fully warn foreseeable users and bystanders as additional medical knowledge became available concerning the health hazards associated with their products;

g) To recall its products upon discovering, or at the time it should have discovered, the health hazards associated with those products;

h) To inspect fully and adequately the design, selection, testing, instruction and warnings that should have accompanied the sale of such products;

i) To refrain from negligently misrepresenting the safety and health risks of the products it sold;

j) To inquire about or investigate the safety and health risks of the products it sold;

k) To research, study and be aware of medical and scientific studies concerning the health hazards of benzene; and

l) Other acts which may be revealed at the trial of this matter.

**33)** As a direct and proximate result of the Defendants, Avondale, C. Edwin Hartzman, Hettie "Dawes" Eaves, Henry "Zac" Carter, James Bull, Roy Barkdull, Albert Bossier, Ewing Moore, Ameron, and International Paint's negligent breach of their duties, Mr. Perkins developed certain severe disabilities and injuries, including, AML, which ultimately caused his death. The scope of the duties breached by the Defendants encompass the risk of the injuries sustained by the Decedent. The duties breached were intended to protect the Decedent from the injuries he has sustained, and the Defendants' breach of their duties constituted the direct legal cause of Lucius Perkins' death. The Defendants are thus liable for all damages caused by their breach.

**34)** As such, Plaintiff demands judgment against Defendants jointly, severally, and in solido for the damages sustained as a result of Lucius Perkins' contraction of AML and other ill health effects related thereto and complications therefrom, as well as for his death.

**35)** Exposure to benzene from Ameron and International Paint's products and/or products under their care, custody and control resulted from the normal, foreseeable, and intended use of the products, without substantial change in the condition in which the Defendants sold or supplied these products.

E-Filed

36) Ameron and International Paint's products were defective, presented an unreasonable risk of harm, and were unreasonably dangerous under normal use at the time the products left the respective Defendant's control. Defendants also failed to warn Mr. Perkins of known unreasonable dangers and are liable for the damages sustained by Mr. Perkins as a result.

37) Mr. Perkins was an intended and foreseeable user of the alleged defective products and Defendants could reasonably have anticipated the losses to Mr. Perkins.

38) The defects in the Defendants' products and equipment include, but are not limited to, the following:

   a) Inherent characteristics (known to the Defendants) that gave the products the potential for causing health problems and rendering the products unreasonably dangerous *per se*;

   b) Lack of warnings or lack of sufficient warnings of the inherently dangerous properties of the products when used in the fashion in which they were anticipated or should have been anticipated being used;

   c) Lack of warnings or lack of sufficient instructions for eliminating the health risks inherent in the use of the products;

   d) Lack of sufficient inspections by the Defendants of its products to ensure that such products contained sufficient warnings of the dangerous properties of the products;

   e) Lack of reasonable inspections by the Defendants of its products to ensure that such products contained sufficient instructions for eliminating or minimizing the health risks inherent in the use of the products;

   f) Lack of tests or lack of sufficient tests to determine the effect of benzene vapors on intended users and bystanders;

   g) Defective designs calling for the inclusion of benzene in products that did not require benzene, when alternative, equally suitable substances were available; and

   h) Other acts which may be revealed at the trial of this matter.

39) The Defendant, Ameron and International Paint sold its products with conscious disregard for the safety of users of the products and other persons who might be injured thereby.

40) As a result of the defective and unreasonably dangerous condition and composition of the benzene-containing products manufactured, distributed and/or sold by Defendants, Ameron and International Paint, Mr. Perkins inhaled benzene fumes and other harmful substances emitted by the normal use of the products, proximately causing his AML, for which Ameron and International Paint are strictly liable under the laws of the State of Louisiana.

41) The defective condition of the Defendants, Ameron and International Paint's products proximately caused or substantially contributed to Mr. Perkins's injuries or damages as described herein. The Defendants are hence strictly liable for the damages caused by their fault.

E-Filed

2019-03825

**I**

Section 14

FILED

2019 APR 08  P 05:31

CIVIL
DISTRICT COURT

42) As a result of the acts and omissions set forth in this Petition and for their negligence and

fault, Defendants, Avondale, C. Edwin Hartzman, Hettie "Dawes" Eaves, Henry "Zac" Carter,

James Bull, Roy Barkdull, Albert Bossier, Ewing Moore, Ameron, and International Paint are

joint and solidarily bound for all damages caused by their actions and/or misconduct, including

but not limited to the following:

a) Past, present, and future physical pain and suffering;

b) Past, present, and future mental anguish and emotional distress;

c) Past, present, and future medical care, and all other health care expenses;

d) Fear of cancer and other diseases;

e) Past and future earnings;

f) Loss of enjoyment of life;

g) Loss of society, consortium, companionship, services, nurture, and love and affection;

h) Wrongful death damages; and

i) Survival damages.

43) Plaintiff prays for trial by jury.

**WHEREFORE**, Plaintiff, Gail B. Perkins, individually and on behalf of her deceased

husband, Lucius T. Perkins, prays that Defendants, Avondale, C. Edwin Hartzman, Hettie

"Dawes" Eaves, Henry "Zac" Carter, James Bull, Roy Barkdull, Albert Bossier, Ewing Moore,

OneBeacon Ameron International Corporation, and International Paint, LLC, be duly cited to

appear and answer, and that after all due proceedings are had, there be judgment rendered herein

in favor of Petitioner and against Defendants for all damages suffered by Lucius T. Perkins as

well as Petitioners, together with legal interest from the date of judicial demand, and all costs

associated with the litigation of this claim. Petitioner further prays for all general and equitable

relief to which she may be entitled.

Respectfully submitted,

**RON AUSTIN & ASSOCIATES, L.L.C.**

Ron A. Austin, Bar No. 23630
Jevan S. Fleming, Bar No. 26030
400 Manhattan Boulevard
Harvey, Louisiana 70058
Telephone: (504) 227-8100
Facsimile: (504) 227-8122
Email: jfleming@ronaustinlaw.com
**Attorneys for Plaintiff**

E-Filed

**I**

**Section 14**

PLEASE SERVE THE FOLLOWING:

1.  HUNTINGTON INGALLS INDUSTRIES,
    Formerly NORTHROP GRUMMAN SHIPBUILDING, INC.
    Formerly, AVONDALE INDUSTRIES, INC.
    And formerly AVONDALE SHIPYARDS, INC.
    **Through its agent for service of process:**
    CT Corporation System
    3867 Plaza Tower Drive
    Baton Rouge, LA  70816

2.  ALBERT BOSSIER,
    **Through his agent for service of process:**
    Brian Bossier
    3421 North Causeway Blvd.
    Suite 900
    Metairie, LA  70002

3.  LAMORAK INSURANCE COMPANY (As successor to
    ONEBEACON AMERICA INSURANCE COMPANY,
    COMMERCIAL UNION INSURANCE COMPANY AND EMPLOYERS
    COMMERCIAL UNION INSURANCE COMPANY)
    As the liability insurer of the following Executive Officers of Avondale: C. Edwin
    Hartzman, Hettie "Dawes" Eaves, Henry "Zac" Carter, James Bull, Roy Barkdull, Albert
    Bossier, and Ewing Moore
    **Through its agent for service of process:**
    Secretary of State
    Legal Services Sections
    8585 Archives Avenue
    Baton Rouge, LA 70809

4.  AMERON INTERNATIONAL CORPORATION
    **Through its registered agent for service of process:**
    CT Corporation System
    3867 Plaza Tower Drive
    Baton Rouge, LA  70816

5.  INTERNATIONAL PAINT, LLC
    **Through its registered agent for service of process:**
    Corporation Service Company
    501 Louisiana Avenue
    Baton Rouge, LA  70802

E-Filed

ATTORNEY'S NAME:     Austin, Ron A 23630
AND ADDRESS:              400 Manhattan Blvd , Harvey, LA 70058

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO: 2019-03825                 **DIVISION: I**                 SECTION: 14

**PERKINS, GAIL B**

**Versus**

**HUNTINGTON INGALLS INC.**

**CITATION**

TO:          AMERON INTERNATIONAL CORPORATION

THROUGH:     ITS REGISTERED AGENT FOR SERVICE OF PROCESS: CT CORPORATION SYSTEM

3867 PLAZA TOWER DRIVE , BATON ROUGE , LA 70816

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

**\*\*\*\*\*\*\*\*COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE\*\*\*\*\*\*\*\***

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA April 10, 2019**

**Clerk's Office, Room 402, Civil Courts**
**421 Loyola Avenue**
**New Orleans, LA**

**CHELSEY RICHARD NAPOLEON, Clerk of**
**The Civil District Court**
**for the Parish of Orleans**
**State of LA**
**by _____**
**Celeste Hunter, Deputy Clerk**

---

**SHERIFF'S RETURN**
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| **Petition for Damages PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES** | **Petition for Damages PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES** |
| ON **AMERON INTERNATIONAL CORPORATION** | ON **AMERON INTERNATIONAL CORPORATION** |
| THROUGH:  **ITS REGISTERED AGENT FOR SERVICE OF PROCESS: CT CORPORATION SYSTEM** | THROUGH:  **ITS REGISTERED AGENT FOR SERVICE OF PROCESS: CT CORPORATION SYSTEM** |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of |
| _____ No. _____ | _____ a person of suitable age and |
| Deputy Sheriff of _____ | discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating |
| Mileage: $ _____ | HIM/HER the said **AMERON INTERNATIONAL CORPORATION** being absent from the domicile at time of said service. |
| _____ / ENTERED / _____ | Returned the same day |
| PAPER                    RETURN | _____ No. _____ |
| _____ / _____ / _____ | Deputy Sheriff of _____ |
| SERIAL NO.      DEPUTY        PARISH | |

ATTORNEY'S NAME:    Austin, Ron A 23630
AND ADDRESS:        400 Manhattan Blvd , Harvey, LA 70058

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO: 2019-03825              DIVISION: I              SECTION: 14

PERKINS, GAIL B

Versus

HUNTINGTON INGALLS INC.

### CITATION

TO:           AMERON INTERNATIONAL CORPORATION
THROUGH:      ITS REGISTERED AGENT FOR SERVICE OF PROCESS: CT CORPORATION SYSTEM
              3867 PLAZA TOWER DRIVE , BATON ROUGE , LA 70816

### YOU HAVE BEEN SUED:

You must either comply with the demand contained in the

Petition for Damages PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA April 10, 2019

Clerk's Office, Room 402, Civil Courts          CHELSEY RICHARD NAPOLEON, Clerk of
421 Loyola Avenue                               The Civil District Court
New Orleans, LA                                 for the Parish of Orleans
                                                State of LA
                                                by
                                                Celeste Hunter, Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| Petition for Damages PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES | Petition for Damages PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES |
| ON AMERON INTERNATIONAL CORPORATION | ON AMERON INTERNATIONAL CORPORATION |
| THROUGH: ITS REGISTERED AGENT FOR SERVICE OF PROCESS: CT CORPORATION SYSTEM | THROUGH: ITS REGISTERED AGENT FOR SERVICE OF PROCESS: CT CORPORATION SYSTEM |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said AMERON INTERNATIONAL CORPORATION being absent from the domicile at time of said service. |
| _____ No. _____ | |
| Deputy Sheriff of _____ | Returned the same day |
| Mileage: $ _____ | _____ No. _____ |
| _____ / ENTERED / _____ | Deputy Sheriff of _____ |
| PAPER          RETURN | |
| _____ / _____ / _____ | |
| SERIAL NO.   DEPUTY   PARISH | |

ID: 10174082                    Page 1 of 1

**ATTORNEY'S NAME:**    Austin, Ron A 23630
**AND ADDRESS:**    400 Manhattan Blvd , Harvey, LA 70058

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO: 2019-03825      **DIVISION: I**      SECTION: 14

**PERKINS, GAIL B**

**Versus**

**HUNTINGTON INGALLS INC.**

### CITATION

TO:      ALBERT BOSSIER

THROUGH:    HIS AGENT FOR SERVICE OF PROCESS: BRIAN BOSSIER

           3421 NORTH CAUSEWAY BLVD., SUITE 900, METAIRIE , LA 70002

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the

Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15)

days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans
Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New
Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast
Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

\*\*\*\*\*\*\*\*COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE\*\*\*\*\*\*\*\*

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the
Parish of Orleans, State of LA April 10, 2019**

**Clerk's Office, Room 402, Civil Courts**
**421 Loyola Avenue**
**New Orleans, LA**

**CHELSEY RICHARD NAPOLEON, Clerk of**
**The Civil District Court**
**for the Parish of Orleans**
**State of LA**
**by** _____
**Celeste Hunter, Deputy Clerk**

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ _____ served a copy of the within | On this _____ day of _____ _____ served a copy of the within |
| **Petition for Damages PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES** | **Petition for Damages PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES** |
| ON **ALBERT BOSSIER** | ON **ALBERT BOSSIER** |
| THROUGH: **HIS AGENT FOR SERVICE OF PROCESS: BRIAN BOSSIER** | THROUGH: **HIS AGENT FOR SERVICE OF PROCESS: BRIAN BOSSIER** |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and |
| _____ No. _____ | discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating |
| Deputy Sheriff of _____ | HIM/HER the said **ALBERT BOSSIER** being absent from the domicile at time of said service. |
| Mileage: $ _____ | Returned the same day |
| _____ / ENTERED / _____ | |
| PAPER        RETURN | _____ No. _____ |
| _____ / _____ / _____ | Deputy Sheriff of _____ |
| SERIAL NO.    DEPUTY    PARISH | |

ATTORNEY'S NAME:    Austin, Ron A 23630
AND ADDRESS:            400 Manhattan Blvd , Harvey, LA 70058

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO: 2019-03825                **DIVISION: I**                **SECTION: 14**

**PERKINS, GAIL B**

### Versus

### HUNTINGTON INGALLS INC.

### CITATION

TO:           ALBERT BOSSIER

THROUGH:    HIS AGENT FOR SERVICE OF PROCESS: BRIAN BOSSIER

              3421 NORTH CAUSEWAY BLVD., SUITE 900, METAIRIE , LA 70002

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the
Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15)
days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans
Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New
Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast
Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the
Parish of Orleans, State of LA April 10, 2019**

**Clerk's Office, Room 402, Civil Courts**
**421 Loyola Avenue**
**New Orleans, LA**

**CHELSEY RICHARD NAPOLEON, Clerk of**
**The Civil District Court**
**for the Parish of Orleans,**
**State of LA**
**by**
**Celeste Hunter, Deputy Clerk**

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| Petition for Damages PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES | Petition for Damages PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES |
| ON  ALBERT BOSSIER | ON  ALBERT BOSSIER |
| THROUGH:  HIS AGENT FOR SERVICE OF PROCESS: BRIAN BOSSIER | THROUGH:  HIS AGENT FOR SERVICE OF PROCESS: BRIAN BOSSIER |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of |
| _____ No. _____ | _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose |
| Deputy Sheriff of _____ | name and other facts connected with this service I learned by interrogating |
| Mileage: $ _____ | HIM/HER the said ALBERT BOSSIER being absent from the domicile at time of said service. |
| _____ / ENTERED / _____ | Returned the same day |
| PAPER          RETURN | _____ No. _____ |
| ____/____          ____/____ | Deputy Sheriff of _____ |
| SERIAL NO.      DEPUTY      PARISH | |

ATTORNEY'S NAME:    Austin, Ron A 23630
AND ADDRESS:    400 Manhattan Blvd , Harvey, LA 70058

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO: 2019-03825          DIVISION: I          SECTION: 14

PERKINS, GAIL B

Versus

HUNTINGTON INGALLS INC.

### CITATION

TO:    HUNTINGTON INGALLS INDUSTRIES, FORMELY NORTHROP GRUMMAN
SHIPBUILDING, INC. FORMELY, AVONDALE INDUSTRIES, INC. AND FORMELY
AVONDALE SHIPYARDS, INC.

THROUGH:    ITS AGENT FOR SERVICE OF PROCESS: CT CORPORATION SYSTEM

3867 PLAZA TOWER DRIVE , BATON ROUGE , LA 70816

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the
Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15)
days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans
Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New
Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast
Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the
Parish of Orleans, State of LA April 10, 2019**

Clerk's Office, Room 402, Civil Courts
421 Loyola Avenue
New Orleans, LA

CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by _____
Celeste Hunter, Deputy Clerk

### SHERIFF'S RETURN
(for use of process servers only)

PERSONAL SERVICE

On this _____ day of _____ served a copy of
the within

Petition for Damages PETITION FOR WRONGFUL DEATH AND
SURVIVAL DAMAGES

ON HUNTINGTON INGALLS INDUSTRIES, FORMELY NORTHROP
GRUMMAN SHIPBUILDING, INC. FORMELY, AVONDALE
INDUSTRIES, INC. AND FORMELY AVONDALE SHIPYARDS, INC.

THROUGH: ITS AGENT FOR SERVICE OF PROCESS: CT
CORPORATION SYSTEM

Returned the same day

_____ No. _____

Deputy Sheriff of _____

Mileage: $ _____

_____ / ENTERED / _____

| PAPER | RETURN |
|-------|--------|
| / | / |
| SERIAL NO. | DEPUTY | PARISH |

DOMICILIARY SERVICE

On this _____ day of _____ served a copy of
the within

Petition for Damages PETITION FOR WRONGFUL DEATH AND
SURVIVAL DAMAGES

ON HUNTINGTON INGALLS INDUSTRIES, FORMELY NORTHROP
GRUMMAN SHIPBUILDING, INC. FORMELY, AVONDALE
INDUSTRIES, INC. AND FORMELY AVONDALE SHIPYARDS, INC.

THROUGH: ITS AGENT FOR SERVICE OF PROCESS: CT
CORPORATION SYSTEM

by leaving same at the dwelling house, or usual place of abode, in the hands of
_____ a person of suitable age and
discretion residing therein as a member of the domiciliary establishment, whose
name and other facts connected with this service I learned by interrogating
HIM/HER the said HUNTINGTON INGALLS INDUSTRIES, FORMELY
NORTHROP GRUMMAN SHIPBUILDING, INC. FORMELY,
AVONDALE INDUSTRIES, INC. AND FORMELY AVONDALE
SHIPYARDS, INC. being absent from the domicile at time of said service.

Returned the same day

_____ No. _____

Deputy Sheriff of _____

ATTORNEY'S NAME:   Austin, Ron A 23630
AND ADDRESS:   400 Manhattan Blvd , Harvey, LA 70058

# CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
## STATE OF LOUISIANA

NO: 2019-03825          DIVISION: I          SECTION: 14

### PERKINS, GAIL B

### Versus

### HUNTINGTON INGALLS INC.

## CITATION

TO:   HUNTINGTON INGALLS INDUSTRIES, FORMELY NORTHROP GRUMMAN SHIPBUILDING, INC. FORMELY, AVONDALE INDUSTRIES, INC. AND FORMELY AVONDALE SHIPYARDS, INC.

THROUGH:   ITS AGENT FOR SERVICE OF PROCESS: CT CORPORATION SYSTEM

3867 PLAZA TOWER DRIVE , BATON ROUGE , LA 70816

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default.

## ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

**\*\*\*\*\*\*\*\*COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE\*\*\*\*\*\*\*\***

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA April 10, 2019**

**Clerk's Office, Room 402, Civil Courts**
**421 Loyola Avenue**
**New Orleans, LA**

CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA,
by
Celeste Hunter, Deputy Clerk

## SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| Petition for Damages PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES ON HUNTINGTON INGALLS INDUSTRIES, FORMELY NORTHROP GRUMMAN SHIPBUILDING, INC. FORMELY, AVONDALE INDUSTRIES, INC. AND FORMELY AVONDALE SHIPYARDS, INC. THROUGH: ITS AGENT FOR SERVICE OF PROCESS: CT CORPORATION SYSTEM | Petition for Damages PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES ON HUNTINGTON INGALLS INDUSTRIES, FORMELY NORTHROP GRUMMAN SHIPBUILDING, INC. FORMELY, AVONDALE INDUSTRIES, INC. AND FORMELY AVONDALE SHIPYARDS, INC. THROUGH: ITS AGENT FOR SERVICE OF PROCESS: CT CORPORATION SYSTEM |
| Returned the same day _____ No. _____ | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said HUNTINGTON INGALLS INDUSTRIES, FORMELY NORTHROP GRUMMAN SHIPBUILDING, INC. FORMELY, AVONDALE INDUSTRIES, INC. AND FORMELY AVONDALE SHIPYARDS, INC. being absent from the domicile at time of said service. |
| Deputy Sheriff of _____ Mileage: $ _____ / ENTERED / _____ | Returned the same day _____ No. _____ |
| PAPER          RETURN ____/____          ____/____ SERIAL NO.     DEPUTY     PARISH | Deputy Sheriff of _____ |

**ATTORNEY'S NAME:**    Austin, Ron A 23630
**AND ADDRESS:**    400 Manhattan Blvd , Harvey, LA 70058

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO: 2019-03825        **DIVISION: I**        SECTION: 14

**PERKINS, GAIL B**

**Versus**

**HUNTINGTON INGALLS INC.**

### CITATION

TO:      INTERNATIONAL PAINT, LLC

THROUGH:    ITS REGISTERED AGENT FOR SERVICE OF PROCESS: CORPORATION SERVICE COMPANY

          501 LOUISIANA AVENUE , BATON ROUGE , LA 70802

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

**\*\*\*\*\*\*\*\*COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE\*\*\*\*\*\*\*\***

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA April 10, 2019**

**Clerk's Office, Room 402, Civil Courts**
**421 Loyola Avenue**
**New Orleans, LA**

**CHELSEY RICHARD NAPOLEON, Clerk of**
**The Civil District Court**
**for the Parish of Orleans**
**State of LA**
**by** _____
**Celeste Hunter, Deputy Clerk**

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ _____ served a copy of the within | On this _____ day of _____ _____ served a copy of the within |
| **Petition for Damages PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES** | **Petition for Damages PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES** |
| ON **INTERNATIONAL PAINT, LLC** | ON **INTERNATIONAL PAINT, LLC** |
| THROUGH: **ITS REGISTERED AGENT FOR SERVICE OF PROCESS: CORPORATION SERVICE COMPANY** | THROUGH: **ITS REGISTERED AGENT FOR SERVICE OF PROCESS: CORPORATION SERVICE COMPANY** |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of |
| _____ No. _____ | _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating |
| Deputy Sheriff of _____ | HIM/HER the said **INTERNATIONAL PAINT, LLC** being absent from the domicile at time of said service. |
| Mileage: $ _____ | Returned the same day |
| _____ / ENTERED / _____ | _____ No. _____ |
| PAPER      RETURN | Deputy Sheriff of _____ |
| _____/_____/_____ | |
| SERIAL NO.  DEPUTY  PARISH | |

ATTORNEY'S NAME:    Austin, Ron A 23630
AND ADDRESS:    400 Manhattan Blvd , Harvey, LA 70058

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

| NO: 2019-03825 | DIVISION: I | SECTION: 14 |
|---|---|---|

### PERKINS, GAIL B

**Versus**

### HUNTINGTON INGALLS INC.

### CITATION

TO:     INTERNATIONAL PAINT, LLC

THROUGH:     ITS REGISTERED AGENT FOR SERVICE OF PROCESS: CORPORATION SERVICE COMPANY

501 LOUISIANA AVENUE , BATON ROUGE , LA 70802

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15) days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.

**********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA April 10, 2019**

Clerk's Office, Room 402, Civil Courts
421 Loyola Avenue
New Orleans, LA

CHELSEY RICHARD NAPOLEON, Clerk of
The Civil District Court
for the Parish of Orleans
State of LA
by
Celeste Hunter, Deputy Clerk

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| **Petition for Damages PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES** | **Petition for Damages PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES** |
| ON INTERNATIONAL PAINT, LLC | ON INTERNATIONAL PAINT, LLC |
| THROUGH: ITS REGISTERED AGENT FOR SERVICE OF PROCESS: CORPORATION SERVICE COMPANY | THROUGH: ITS REGISTERED AGENT FOR SERVICE OF PROCESS: CORPORATION SERVICE COMPANY |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of |
| _____ No. _____ | _____ a person of suitable age and |
| Deputy Sheriff of _____ | discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating |
| Mileage: $ _____ | HIM/HER the said **INTERNATIONAL PAINT, LLC** being absent from the domicile at time of said service. |
| _____ / ENTERED / _____ | Returned the same day |
| PAPER    RETURN | _____ No. _____ |
| _____ / _____ / _____ | Deputy Sheriff of _____ |
| SERIAL NO.    DEPUTY    PARISH | |

ID: 10174083          Page 1 of 1

ATTORNEY'S NAME:    Austin, Ron A 23630
AND ADDRESS:        400 Manhattan Blvd , Harvey, LA 70058

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

| NO: 2019-03825 | DIVISION: I | SECTION: 14 |
|---|---|---|

### PERKINS, GAIL B
**Versus**
### HUNTINGTON INGALLS INC.
### CITATION

TO:     LAMORAK INSURANCE COMPANY (AS SUCCESSOR TO ONEBEACON AMERICA INSURANCE COMPANY, COMMERCIAL UNION INSURANCE COMPANY AND EMPLOYERS COMMERICAL UNION INSURANCE COMPANY) AS THE LIABILITY OF THE FOLLOWING EXECUTIVE OFFICERS OF C. EDWIN HARTZMAN, HETTIE "DAWES" EAVES, HENRY "ZAC" CARTER, JAMES BULL, ROY BARKDULL, ALBERT BOSSIER, AND EWING MOORE

THROUGH:  ITS AGENT FOR SERVICE OF PROCESS: SECRETARY OF STATE
        LEGAL SERVICES SECTIONS , 8585 ARCHIVES AVENUE, BATON ROUGE , LA 70816

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the
Petition for Damages PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES
a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the
Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15)
days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.
*******COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA April 10, 2019**

| Clerk's Office, Room 402, Civil Courts<br>421 Loyola Avenue<br>New Orleans, LA | CHELSEY RICHARD NAPOLEON, Clerk of<br>**The Civil District Court for the Parish of Orleans, State of LA**<br>by<br>**Celeste Hunter, Deputy Clerk** |
|---|---|

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ _____ served a copy of the within | On this _____ day of _____ _____ served a copy of the within |
| **Petition for Damages PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES** | **Petition for Damages PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES** |
| ON  LAMORAK INSURANCE COMPANY (AS SUCCESSOR TO ONEBEACON AMERICA INSURANCE COMPANY, COMMERCIAL UNION INSURANCE COMPANY AND EMPLOYERS COMMERCIAL UNION INSURANCE COMPANY) AS THE LIABILITY OF THE FOLLOWING EXECUTIVE OFFICERS OF AVONDALE: C. EDWIN HARTZMAN, HETTIE "DAWES" EAVES, HENRY "ZAC" CARTER, JAMES BULL, ROY BARKDULL, ALBERT BOSSIER, AND EWING MOORE | ON  LAMORAK INSURANCE COMPANY (AS SUCCESSOR TO ONEBEACON AMERICA INSURANCE COMPANY, COMMERCIAL UNION INSURANCE COMPANY AND EMPLOYERS COMMERCIAL UNION INSURANCE COMPANY) AS THE LIABILITY OF THE FOLLOWING EXECUTIVE OFFICERS OF AVONDALE: C. EDWIN HARTZMAN, HETTIE "DAWES" EAVES, HENRY "ZAC" CARTER, JAMES BULL, ROY BARKDULL, ALBERT BOSSIER, AND EWING MOORE |
| THROUGH:  ITS AGENT FOR SERVICE OF PROCESS: SECRETARY OF STATE | THROUGH:  ITS AGENT FOR SERVICE OF PROCESS: SECRETARY OF STATE |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said LAMORAK INSURANCE COMPANY (AS SUCCESSOR TO ONEBEACON AMERICA INSURANCE COMPANY, COMMERCIAL UNION INSURANCE COMPANY AND EMPLOYERS COMMERICAL UNION INSURANCE COMPANY) AS THE LIABILITY OF THE FOLLOWING EXECUTIVE OFFICERS OF AVONDALE: C. EDWIN HARTZMAN, HETTIE "DAWES" EAVES, HENRY "ZAC" CARTER, JAMES BULL, ROY BARKDULL, ALBERT BOSSIER, AND EWING MOORE being absent from the domicile at time of said service. |
| _____ No. _____ | Returned the same day |
| Deputy Sheriff of _____ | _____ No. _____ |
| Mileage: $ _____ | Deputy Sheriff of _____ |
| _____ / ENTERED / _____ | |
| PAPER         RETURN | |
| _____ / _____ /_____ | |
| SERIAL NO.    DEPUTY    PARISH | |

ATTORNEY'S NAME:   Austin, Ron A 23630
AND ADDRESS:   400 Manhattan Blvd , Harvey, LA 70058

## CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS
### STATE OF LOUISIANA

NO: 2019-03825    **DIVISION: I**    SECTION: 14

**PERKINS, GAIL B**
Versus
**HUNTINGTON INGALLS INC.**

### CITATION

TO:    LAMORAK INSURANCE COMPANY (AS SUCCESSOR TO ONEBEACON AMERICA INSURANCE COMPANY, COMMERCIAL UNION INSURANCE COMPANY AND EMPLOYERS COMMERICAL UNION INSURANCE COMPANY) AS THE LIABILITY OF THE FOLLOWING EXECUTIVE OFFICERS OF AVONDALE: C. EDWIN HARTZMAN, HETTIE "DAWES" EAVES, HENRY "ZAC" CARTER, JAMES BULL, ROY BARKDULL, ALBERT BOSSIER, AND EWING MOORE

THROUGH:    ITS AGENT FOR SERVICE OF PROCESS: SECRETARY OF STATE

    LEGAL SERVICES SECTIONS , 8585 ARCHIVES AVENUE, BATON ROUGE , LA 70816

**YOU HAVE BEEN SUED:**

You must either comply with the demand contained in the

Petition for Damages PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

a certified copy of which accompanies this citation, or file an answer or other legal pleading in the office of the

Clerk of this Court, Room 402, Civil Courts Building, 421 Loyola Avenue, New Orleans, LA, within fifteen (15)

days after the service hereof under penalty of default.

### ADDITIONAL INFORMATION

Legal assistance is advisable. If you want a lawyer and can't find one, you may call the New Orleans Lawyer Referral Service at 504-561-8828. This Referral Service operates in conjunction with the New Orleans Bar Association. If you qualify, you may be entitled to free legal assistance through Southeast Louisiana Legal Services (SLLS) at 877-521-6242 or 504-529-1000.
    ********COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE********

**IN WITNESS HEREOF, I have hereunto set my hand and affix the seal of the Civil District Court for the Parish of Orleans, State of LA April 10, 2019**

Clerk's Office, Room 402, Civil Courts    **CHELSEY RICHARD NAPOLEON, Clerk**
421 Loyola Avenue    of
New Orleans, LA    The Civil District Court for the
    Parish of Orleans, State of LA
    by
    Celeste Hunter, Deputy Clerk

---

### SHERIFF'S RETURN
(for use of process servers only)

| PERSONAL SERVICE | DOMICILIARY SERVICE |
|---|---|
| On this _____ day of _____ served a copy of the within | On this _____ day of _____ served a copy of the within |
| **Petition for Damages PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES** | **Petition for Damages PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES** |
| ON LAMORAK INSURANCE COMPANY (AS SUCCESSOR TO ONEBEACON AMERICA INSURANCE COMPANY, COMMERCIAL UNION INSURANCE COMPANY AND EMPLOYERS COMMERICAL UNION INSURANCE COMPANY) AS THE LIABILITY OF THE FOLLOWING EXECUTIVE OFFICERS OF AVONDALE: C. EDWIN HARTZMAN, HETTIE "DAWES" EAVES, HENRY "ZAC" CARTER, JAMES BULL, ROY BARKDULL, ALBERT BOSSIER, AND EWING MOORE | ON LAMORAK INSURANCE COMPANY (AS SUCCESSOR TO ONEBEACON AMERICA INSURANCE COMPANY, COMMERCIAL UNION INSURANCE COMPANY AND EMPLOYERS COMMERICAL UNION INSURANCE COMPANY) AS THE LIABILITY OF THE FOLLOWING EXECUTIVE OFFICERS OF AVONDALE: C. EDWIN HARTZMAN, HETTIE "DAWES" EAVES, HENRY "ZAC" CARTER, JAMES BULL, ROY BARKDULL, ALBERT BOSSIER, AND EWING MOORE |
| THROUGH: ITS AGENT FOR SERVICE OF PROCESS: SECRETARY OF STATE | THROUGH: ITS AGENT FOR SERVICE OF PROCESS: SECRETARY OF STATE |
| Returned the same day | by leaving same at the dwelling house, or usual place of abode, in the hands of _____ a person of suitable age and discretion residing therein as a member of the domiciliary establishment, whose name and other facts connected with this service I learned by interrogating HIM/HER the said LAMORAK INSURANCE COMPANY (AS SUCCESSOR TO ONEBEACON AMERICA INSURANCE COMPANY, COMMERCIAL UNION INSURANCE COMPANY AND EMPLOYERS COMMERICAL UNION INSURANCE COMPANY) AS THE LIABILITY OF THE FOLLOWING EXECUTIVE OFFICERS OF AVONDALE: C. EDWIN HARTZMAN, HETTIE "DAWES" EAVES, HENRY "ZAC" CARTER, JAMES BULL, ROY BARKDULL, ALBERT BOSSIER, AND EWING MOORE being absent from the domicile at time of said service. |
| No. _____ | Returned the same day |
| Deputy Sheriff of _____ | No. _____ |
| Mileage: $ _____ | Deputy Sheriff of _____ |
| _____ / ENTERED / _____ | |
| PAPER    RETURN | |
| / _____ / | |
| SERIAL NO.  DEPUTY  PARISH | |

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   2019-03825                    SECTION 14                    DIVISION "I"

GAIL P. PERKINS, INDIVIDUALLY AND ON BEHALF
OF HER DECEASED HUSBAND, LUCIUS T. PERKINS

VERSUS

HUNTINGTON INGALLS INCORPORATED, ET AL

FILED: _____          _____
                                              DEPUTY CLERK

**MOTION FOR EXTENSION OF TIME**

On motion of **Albert L. Bossier, Jr.,** defendant, through undersigned counsel, and on suggesting to the Court that mover and his counsel requires additional time within which to investigate plaintiff's claim, and to prepare and file pleadings in response to plaintiff's petition. Mover therefore desires an extension of time of thirty (30) days or until July 4, 2019, within which to plead in this suit, and that no prior extension of time has been granted by the Court or by counsel;

IT IS ORDERED that defendant, **Albert L. Bossier, Jr.,** be and is hereby granted an extension of time of thirty (30) days or until **July 4, 2019**, within which to file responsive pleadings to plaintiff's petition in the above entitled and numbered suit.

New Orleans, Louisiana, this _____ day of _____, 2019.

                                   _____
                                        J U D G E

BLUE WILLIAMS, L.L.P.

_____
BRIAN C. BOSSIER (#16818)
EDWIN A. ELLINGHAUSEN (#1347)
CHRISTOPHER T. GRACE, III (#26901)
ERIN H. BOYD (#20121)
LAURA M. GILLEN (#35142)
PATRICK K. SHOCKEY (#36021)
JASMINE N. BROWN (#37053)
3421 N. Causeway Boulevard, Suite 900
Metairie, Louisiana  70002
Telephone:  (504) 830-4909
Facsimile:  (504) 849-3022
Attorneys for *Albert L. Bossier, Jr.*

## CERTIFICATE OF SERVICE

I do hereby certify by my signature hereinabove, I have on the 4th day of June, 2019, served a copy of the foregoing pleading on counsel for all parties to this proceeding via e-mail, facsimile and/or mailing same by United States mail, properly addressed, and first class postage paid.

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO: 2019-3825          DIVISION: "I"          SECTION 14

GAIL PERKINS, ET AL.

**VERSUS**

HUNTINGTON INGALLS INCORPORATED, ET AL.

FILED: _____          _____

DEPUTY CLERK

### EXCEPTIONS TO PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

NOW INTO COURT, through undersigned counsel, comes Lamorak Insurance

Company ("Lamorak"), which excepts to Plaintiff's Petition for Wrongful Death and Survival

Damages as follows:

### EXCEPTION OF IMPROPER VENUE

Plaintiff's suit against Lamorak as the alleged insurer of Avondale Industries, Inc. and

Albert Bossier is filed in a parish of improper venue and in violation of the Louisiana Direct

Action Statute.

### EXCEPTION OF NO CAUSE OF ACTION

Plaintiff's claims against Lamorak are barred by the immunity provisions of the

Louisiana Workers' Compensation Statute and the Longshore and Harbor Workers'

Compensation Act.

WHEREFORE, Lamorak Insurance Company prays that this Court sustain its

Exceptions and dismiss Plaintiff's claims against it, with prejudice.

Respectfully submitted:

_____

SAMUEL M. ROSAMOND, III (17122)
srosamond@twpdlaw.com
ADAM D. DEMAHY (29826)
ademahy@twpdlaw.com
**TAYLOR, WELLONS, POLITZ & DUHE, APLC**
1515 Poydras Street - Suite 1900
New Orleans, Louisiana 70112
Phone: 504-525-9888
Fax:    504-525-9899
*Attorneys for Lamorak Insurance Company*



VERIFIED
JUN 11 2019

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by U.S. Mail, postage prepaid and properly addressed, by fax, by hand and/or email, this __11__ day of _____June_____, 2019.

_____
SAMUEL M. ROSAMOND, III

2

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO: 2019-3825                    DIVISION: "I"          SECTION 14

GAIL PERKINS, ET AL.

VERSUS

HUNTINGTON INGALLS INCORPORATED, ET AL.

FILED: _____          _____
                                              DEPUTY CLERK

ORDER

Considering the above and foregoing Exceptions to Petition for Damages;

IT IS ORDERED that the plaintiff show cause on the _____ day of _____2019,

at _____ a.m., why the Exceptions to Petition for Wrongful Death and Survival Damages filed

by Lamorak Insurance Company should not be maintained, dismissing Plaintiff's suit at

Plaintiff's costs.

NEW ORLEANS, LOUISIANA, this _____ day of _____, 2019.


_____
JUDGE PIPER D. GRIFFIN


*SERVICE TO BE ACCOMPLISHED*
*IN ACCORDANCE WITH LA. C.C.P. ART 1313*



CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO: 2019-3825         DIVISION: "I"         SECTION 14

GAIL PERKINS, ET AL.

VERSUS

HUNTINGTON INGALLS INCORPORATED, ET AL.

FILED: _____       _____

                                                DEPUTY CLERK

## MEMORANDUM IN SUPPORT OF LAMORAK INSURANCE COMPANY'S EXCEPTIONS TO PETITION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES

**MAY IT PLEASE THE COURT:**

Lamorak Insurance Company ("Lamorak") submits this Memorandum in Support of its Exceptions to Plaintiff's Petition for Wrongful Death and Survival Damages.

### EXCEPTION OF IMPROPER VENUE

Plaintiff has sued Lamorak as the alleged insurer of Avondale Industries, Inc. ("Avondale") and seven alleged executive officers of Avondale, one of whom, Albert Bossier, is not an Orleans Parish domiciliary. The suit against Lamorak for the liability of Avondale and Albert Bossier is improper in this Parish, so the claims against it for the alleged liability of Avondale and Albert Bossier should be dismissed.

The Louisiana Direct Action Statute limits the parishes where venue is proper for a claim against an insurer sued under the Direct Action Statute to those available under La. Code of Civil Procedure Art. 42 only. The venue provision of the Direct Action Statute states:

> Such action may be brought...in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed in Code of Civil Procedure Article 42 only.[1]

Article 42 limits venue to the parish where the injury occurred, the parish where the insured resides, or the Direct Action Insurers' domicile -- East Baton Rouge Parish.

In order to defeat the exception of improper venue, it is Plaintiff's burden to present evidence that venue is properly lodged in Orleans Parish.[2] In both *Person* and *Crawford*, the

---

[1]   L.R.S.22:1269(B)(1). (Emphasis added).
[2]   *See, Person v. T.L. James & Company*, 97-24746 (La. App. 4 Cir. 05/20/98); 712 So.2d 1050 and *Crawford v. Blue Cross and Blue Shield of Louisiana*, 2000-2026 (La. App. 4 Cir. 12/05/01); 814 So.2d 574.


VERIFIED

courts reversed the trial courts' overruling of exceptions of improper venue, because, as in this case, the plaintiffs were not able to present evidence that venue was proper.

In *Blow v. OneBeacon America Ins. Co.*, the Fourth Circuit convened *en banc* ruling that venue in an asbestos case is not proper in Orleans Parish when the insured is not domiciled in Orleans Parish and there was no exposure to asbestos in Orleans Parish.[3] The court dismissed the claims against Avondale's insurer for the alleged liability of the alleged executive officers who were not Orleans Parish domiciliaries, even though the insurer was sued for the liability of other alleged executive officers who were Orleans Parish domiciliaries. The *en banc* ruling of the Fourth Circuit is binding upon all courts within the Fourth Circuit.[4]

*Blow* is in accord with the ruling of the Louisiana Supreme Court in *Trascher v. Northrop Grumman ShipSystems, Inc.,* in which the Louisiana Supreme Court also held that venue in Orleans Parish is not proper against an insurer for the liability of non-Orleans Parish domiciliaries when there is no exposure to asbestos in Orleans Parish.[5]

Plaintiff alleges that Lucius Perkins was exposed to asbestos at Avondale,[6] which is located in Jefferson Parish.[7] There is no evidence of exposure to asbestos in Orleans Parish. Avondale and Albert Bossier are not Orleans Parish domiciliaries.[8]

Therefore, venue for Plaintiff's claims against Lamorak for the alleged liability of Avondale and Albert Bossier is improper in Orleans Parish and Plaintiff's claims against Lamorak for their alleged liability should be dismissed.

## EXCEPTION OF NO CAUSE OF ACTION

Plaintiff alleges that Lucius Perkins contracted and died of a disease as a result of being exposed to benzene while he was employed by Avondale between 1983 and 2009.[9] Lucius Perkins died on May 14, 2018.[10]

Plaintiff's survival and wrongful death claims are barred by the immunity provisions of the Louisiana Workers' Compensation Statute, La. R.S. 23:1032.[11] This statute was amended in

---

[3] 2016-0301 (La. App. 4 Cir. 4/20/16); 193 So.3d 244.
[4] *State v. Allen*, 2013-0195, p. 19 (La. App. 4 Cir. 7/2/14), 2014 WL 2983452 (citing *State v. Bertrand*, 08-2215, 08-2311, p. 8 (La. 3/17/09), 6 So.3d 738, 743); *State Through Dept. of Highways v. Haydel*, 306 So.2d 836, 837 (La. App. 4 Cir. 1/14/75).
[5] No. 10-1287 (La. 9/17/10); 43 So.3d 961.
[6] Petition at ¶ 4.
[7] Exhibit 1.
[8] Exhibit 2, *in globo*.
[9] Petition at ¶¶ 16 and 17.
[10] *Id.* at ¶ 5.
[11] Lamorak maintains its position that the plaintiffs' survival and wrongful death claims are all barred by the Longshore and Harbor Workers' Compensation Act.

1976 to provide immunity for executive officers, so claims arising out of actions occurring after October 1, 1976 are barred. The Louisiana Supreme Court has held that plaintiffs may not maintain actions against their employer and executive officers when the exposures to the harmful product occurred after 1976. *See, e.g., Walls v. American Optical Corp.*, 98-CC-0455 (La. 9/8/99), 740 So.2d 1262.

Since Lucius Perkins was not exposed to benzene before 1976, Plaintiff has no cause of action against Avondale and its alleged executive officers. Accordingly, Plaintiff's claims against Lamorak as alleged insurer of Avondale and its alleged executive officers should be dismissed, with prejudice.

Respectfully submitted:

_____

SAMUEL M. ROSAMOND, III (17122)
srosamond@twpdlaw.com
ADAM D. DEMAHY (29826)
ademahy@twpdlaw.com
**TAYLOR, WELLONS, POLITZ & DUHE, APLC**
1515 Poydras Street - Suite 1900
New Orleans, Louisiana 70112
Phone: 504-525-9888
Fax:    504-525-9899
*Attorneys for Lamorak Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by U.S. Mail, postage prepaid and properly addressed, by fax, by hand and/or email, this ____ day of _____, 2019.

_____

FILED

**CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS**

**STATE OF LOUISIANA**    2019 JUN 11  PM 2: 20

NO: 2019-3825    **DIVISION: "I"**    CIVIL  **SECTION 14**
DISTRICT COURT

**GAIL PERKINS, ET AL.**

**VERSUS**

**HUNTINGTON INGALLS INCORPORATED, ET AL.**

FILED: _____    _____

**DEPUTY CLERK**

### REQUEST FOR WRITTEN NOTICE

Pursuant to Article 1572 of the Louisiana Code of Civil Procedure, **Lamorak Insurance Company** hereby requests written notice of the date set for trial of the above-numbered and entitled cause, or of the date set for hearing of any pleadings or motions therein, at least ten days (10) before any hearing date.

We also request notice of signing of any final judgment or the rendition of any interlocutory order or judgment in said cause as provided by Articles 1913 and 1914 of the Louisiana Code of Civil Procedure.

Respectfully submitted:

_____

SAMUEL M. ROSAMOND, III (17122)
srosamond@twpdlaw.com
ADAM D. DEMAHY (29826)
ademahy@twpdlaw.com
**TAYLOR, WELLONS, POLITZ & DUHE, APLC**
1515 Poydras Street - Suite 1900
New Orleans, Louisiana 70112
Phone: 504-525-9888
Fax:    504-525-9899
*Attorneys for Lamorak Insurance Company*

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by U.S. Mail, postage prepaid and properly addressed, by fax, by hand and/or email, this ⅃⅃ day of _____ June _____ , 2019.

_____



1

1   UNITED STATES DISTRICT COURT

2   EASTERN DISTRICT OF LOUISIANA

3

4

5

6

7

8

9   * * * * * * * * * * * * * * *
                              *   CIVIL ACTION
10  JULIUS DUCRE               *
                              *   NO. 80-4338
11  VERSUS                    *
                              *   SECTION K(2)
12  MINE SAFETY APPLIANCES, ET AL *  GROUPS 8, 9,
                              *   10 & 11
13  * * * * * * * * * * * * * * *

14

15

16

17

18  Return on Subpoena Duces Tecum

19  of Avondale Industries through its

20  representative, DANNY RAY JOYCE, taken on

21  Wednesday, February 8, 1989, in the offices

22  of Messrs. Blue, Williams & Buckley,

23  Attorneys-at-Law, Ninth Floor, 3421 N.

24  Causeway Boulevard, Metairie, Louisiana

25  70002.

EXHIBIT
tabbies®

Joyce.Danny 1989-02-08 (JDucre)

VERIFIED

8

1   DANNY RAY JOYCE

2   2448 Deerwood Court, Harvey, Louisiana,

3   70058, after having been first duly sworn,

4   testified on his oath as follows:

5   MR. BRUNO:

6   This is a deposition of

7   Avondale Industries, Inc., taken pursuant to

8   Notice and the Federal Rules of Civil

9   Procedure, Rule 30(b)(6). It's directed to

10   Avondale Industries who was called upon to

11   designate one or others to testify with

12   regard to the areas outlined therein.

13   Counsel, would you be so

14   kind as to identify the individual or

15   individuals whom Avondale has chosen to

16   represent it in connection with this

17   deposition.

18   MR. BOSSIER:

19   Danny Joyce would be the

20   first one to testify on Avondale's behalf

21   regarding various inquiries under the Notice

22   of Deposition, itself. Don Dauterive will

23   testify regarding the records production

24   pursuant to Exhibit "B."

25   MR. BRUNO:

17

1    A. No, I do not.

2    Q. Where is the principle place of

3    business within Louisiana of Avondale

4    Industries, Inc.?

5    A. It's 5100 River Road, Avondale,

6    Louisiana.

7    Q. All right. Can we for purposes

8    of this deposition describe that as the main

9    yard? Would that be appropriate?

10   A. That is the typical term used

11   for that location, yes.

12   Q. That's the one in Avondale on

13   the River Road?

14   A. That's correct.

15   Q. And what parish is that in?

16   A. Jefferson.

17   Q. Does Avondale Industries have a

18   principle place of business in any other

19   state other than Louisiana?

20   A. Yes. In Gulfport, Mississippi

21   it has acquired and now owns Gulfport Marine,

22   Incorporated. The only address I have is a

23   P.O. Box, P.O. Box 2249, Gulfport,

24   Mississippi.

25   Q. Do you know when Avondale

UNITED STATES OF AMERICA

State of Louisiana

## Jay Dardenne
### SECRETARY OF STATE

*As Secretary of State of the State of Louisiana I do hereby Certify that*

the annexed and following is a True and Correct copy of the Certificate of Authority as shown by
comparison with document filed and recorded in this Office on May 24, 2002.

In testimony whereof, I have hereunto set my
hand and caused the Seal of my Office to be
affixed at the City of Baton Rouge on,

October 18, 2010



*Secretary of State*

AG 35275242F

Certificate ID: 10109460#63P63

To validate this certificate, visit the following web site,
go to Commercial Division, Certificate Validation,
then follow the instructions displayed.
www.sos.louisiana.gov

Page 1 of 1 on 10/18/2010 11:02:56 AM

EXHIBIT
1



VERIFIED



EXHIBIT
2, in globo

**Jay Dardenne**
**SECRETARY OF STATE**

10/18/2010

**State of Louisiana**
**Secretary of State**

**COMMERCIAL DIVISION**
225.925.4704

**Administrative Services**
225.932.5317 Fax
**Corporations**
225.932.5314 Fax
**Uniform Commercial Code**
225.932.5319 Fax

CRAWFORD LEWIS
ATTN: SAMUEL M. ROSAMOND, III
400 POYDRAS STREET, SUITE 2100
NEW ORLEANS, LA 70130

DEAR SIR/MADAM:

NORTHROP GRUMMAN SHIPBUILDING, INC. and 3 other entities

It has been a pleasure to provide you with four certificates for the above referenced.

Payment of the fee is acknowledged by this letter.

If we can be of further service at any time, please let us know.

Sincerely,

AG

Mailing Address: P. O. Box 94125, Baton Rouge, LA 70804-9125
Office Location: 8585 Archives Ave., Baton Rouge, LA 70809
Web Site Address: www.sos.louisiana.gov



**UNITED STATES OF AMERICA**

**State of Louisiana**

**Jay Dardenne**

SECRETARY OF STATE

*As Secretary of State of the State of Louisiana I do hereby Certify that*

the annexed and following is a True and Correct copy of the Certificate of Incorporation as shown by comparison with document filed and recorded in this Office on March 20, 1990.

In testimony whereof, I have hereunto set my hand and caused the Seal of my Office to be affixed at the City of Baton Rouge on,

October 18, 2010



*Secretary of State*

AG34351727D

Certificate ID: 10109481#GGG62

To validate this certificate, visit the following web site, go to Commercial Division, Certificate Validation, then follow the instructions displayed.
www.sos.louisiana.gov

Page 1 of 1 on 10/18/2010 11:02:54 AM



**UNITED STATES OF AMERICA**

**State of Louisiana**

## Fox McKeithen
### SECRETARY OF STATE

*As Secretary of State of the State of Louisiana, I do hereby Certify that*
a copy of the Articles of Incorporation and Initial Report
of

### AVONDALE INDUSTRIES, INC.

Domiciled at Avondale, Louisiana, Parish of Jefferson,

A corporation organized under the provisions of R.S. 1950,
Title 12, Chapter 1, as amended,

By Act executed on March 16, 1990, and acknowledged on March
16, 1990, the date when corporate existence began,

Was filed and recorded in this office on March 20, 1990, in
the Record of Charters Book 349,

And all fees having been paid as required by law, the
corporation is authorized to transact business in this
State, subject to the restrictions imposed by law, including
the provisions of R. S. 1950, Title 12, Chapter 1, as
amended.

*In testimony whereof, I have hereunto set
my hand and caused the Seal of my Office
to be affixed at the City of Baton Rouge on,*
March 20, 1990

BB

*Secretary of State*



# UNITED STATES OF AMERICA
## State of Louisiana

### Fox McKeithen
#### SECRETARY OF STATE

As Secretary of State, of the State of Louisiana, I do hereby Certify that the Application Form for Certificates of Authority of

NORTHROP GRUMMAN SHIP SYSTEMS, INC.

Domiciled at WILMINGTON, DELAWARE.

Was filed and recorded in this Office on May 24, 2002.

Thus authorizing the corporation to exercise the same powers, rights and privileges accorded similar domestic corporations, subject to the provisions of R. S. 1950, Title 12, Chapter 3, and other applicable laws.

In testimony whereof, I have hereunto set my hand and caused the Seal of my Office to be affixed at the City of Baton Rouge on,

May 24, 2002



MBE 35275242F

Secretary of State

CERTIFICATE CS 103 PRINTED SEAL (04/01)



# UNITED STATES OF AMERICA
# State of Louisiana

## Jay Dardenne
### SECRETARY OF STATE

*As Secretary of State of the State of Louisiana I do hereby Certify that*

the annexed and following is a True and Correct copy of the Certificate of Authority as shown by comparison with document filed and recorded in this Office on December 17, 2008.

In testimony whereof, I have hereunto set my hand and caused the Seal of my Office to be affixed at the City of Baton Rouge on,

October 18, 2010

*Secretary of State*

AG 36920543F



Certificate ID: 10109459#93P83

To validate this certificate, visit the following web site, go to Commercial Division; Certificate Validation, then follow the instructions displayed.
www.sos.louisiana.gov

Page 1 of 1 on 10/18/2010 11:02:57 AM



### UNITED STATES OF AMERICA
### State of Louisiana

## Jay Dardenne
### SECRETARY OF STATE

*As Secretary of State, of the State of Louisiana, I do hereby Certify that*

the Application Form for Certificate of Authority of

NORTHROP GRUMMAN SHIPBUILDING, INC.

Domiciled at NEWPORT NEWS, VIRGINIA,

Was filed and recorded in this office on December 17, 2008.

Thus authorizing the corporation to exercise the same
powers, rights and privileges accorded similar domestic
corporations, subject to the provisions of R. S. 1950, Title
12, Chapter 3, and other applicable laws.

*In testimony whereof, I have hereunto set
my hand and caused the Seal of my Office
to be affixed at the City of Baton Rouge on,*

December 17, 2008



HLE 36920543F

*Secretary of State*

CERTIFICATE(S) 102 PRINTED SEAL (Rev. 11/05)



## Jay Dardenne
### SECRETARY OF STATE

As Secretary of State of the State of Louisiana I do hereby Certify that

In response to your request we are pleased to provide the information on the subject Business Corporation which filed articles of incorporation in this office on March 31, 1959.

**Name:** AVONDALE SHIPYARDS, INC.

**Type:** Business Corporation

**City:** AVONDALE

**Status:** INACTIVE

**Previous Names:**
BAYOU SHIPYARDS, INC. (Changed: 6/28/1960)

**Business:** AVONDALE SHIPYARDS, INC.

**Charter Number:** 24514500 D

**Registration Date:** 3/31/1959

**Domicile Address**
5100 RIVER ROAD
AVONDALE, LA 70094

**Mailing Address**
5100 RIVER ROAD
AVONDALE, LA 70094

**Status:** INACTIVE

**Inactive Reason:** MERGED

**File Date:** 3/31/1959

**Last Report Filed:** 7/30/1985

**Type:** Business Corporation

**Registered Agent(s)**
**Agent:** C T CORPORATION SYSTEM
**Address:** 5615 CORPORATE BLVD., STE. 400B
**City, State, Zip:** BATON ROUGE, LA 70808
**Appointment Date:** 7/19/1976

Page 1 of 3 on 10/15/2010 11:01:08 AM

**Officer(s)**

**Additional Officers: Yes**

Officer:       A. L. BOSSIER, JR.
Title:         President
Address:       5100 RIVER ROAD
City, State, Zip:  AVONDALE, LA 70094

Officer:       R. F. BRUNNER
Title:         Vice-President
Address:       5100 RIVER ROAD
City, State, Zip:  AVONDALE, LA 70094

Officer:       J. W. OBERFELL
Title:         Vice-President
Address:       5100 RIVER ROAD
City, State, Zip:  AVONDALE, LA 70094

**Merger(s)**

Filed Date:      12/18/1978
EffectiveDate    12/18/1978
Type:            MERGE
Charter #:       24514500D
Charter Name:    AVONDALE SHIPYARDS, INC.
Role:            SURVIVOR

Filed Date:
EffectiveDate
Type:            MERGE
Charter #:       22604320D
Charter Name:    AVONCRAFT CONSTRUCTION CO. INC.
Role:            NON-SURVIVOR

Filed Date:      1/19/1981
EffectiveDate    1/19/1981
Type:            MERGE
Charter #:       24514500D
Charter Name:    AVONDALE SHIPYARDS, INC.
Role:            SURVIVOR

Filed Date:
EffectiveDate
Type:            MERGE
Charter #:       27605480D
Charter Name:    RIVER ROAD INC.
Role:            NON-SURVIVOR

Filed Date:
EffectiveDate
Type:            MERGE
Charter #:       31111190F
Charter Name:    GENDON, INC.
Role:            NON-SURVIVOR

Filed Date:      8/29/1985
EffectiveDate    8/29/1985
Type:            MERGE
Charter #:       34183192F
Charter Name:    AVONDALE INDUSTRIES, INC.
Role:            SURVIVOR

Filed Date:
EffectiveDate
Type:            MERGE
Charter #:       24514500D

Charter Name:
Role:

AVONDALE SHIPYARDS, INC.
NON-SURVIVOR

In testimony whereof, I have hereunto set my
hand and caused the Seal of my Office to be
affixed at the City of Baton Rouge on,

October 18, 2010

*Secretary of State*

AG 24514500D

Certificate ID:  10109457#RWM73

To validate this certificate, visit the following web site,
go to Commercial Division, Certificate Validation,
then follow the instructions displayed.
www.sos.louisiana.gov

Williams & Jankowski, L.L.C. (504) 832-0937-FAX (504) 834-6629  ] (1-2)

```
 1                    CIVIL DISTRICT COURT
 2                    PARISH OF ORLEANS
 3                    STATE OF LOUISIANA
 4
 5     ANITA BABIN ADAMS &    NO. 99-19012
 6     HUBERT EDGAR ADAMS
 7     VERSUS                 DIV. "L"
 8     AVONDALE INDUSTRIES, INC., ET AL
 9                    AND
10     CHRISANDRA MEREDITH NO. 05-12312
11     VERSUS                 DIV. "K"
12     ASBESTOS CORPORATION, LTD., ET AL
13                    AND
14     JOHNNIE L. JOHNSON     NO: 97-14469
15     VERSUS                 DIV. "K"
16     ASBESTOS CORPORATION LIMITED, ET AL
17
18     Deposition of ALBERT BOSSIER, taken at the
19     offices of Williams and Jankowski, L.L.C., 3850
20     N. Causeway Blvd., Lakeway II, Suite 1465,
21     Metairie, Louisiana 70002, on May 18, 2000.
22
23     REPORTED BY:  LOUIS JANKOWSKI
24              CERTIFIED COURT REPORTER
25              STATE OF LOUISIANA
```

```
 1                    APPEARANCES
 2
 3     FOR THE PLAINTIFF:
 4     LANDRY & SWARR
 5     330 Camp Street, Suite 200
 6     New Orleans, Louisiana 70170
 7     BY:  FRANK J. SWARR, ESQ.
 8
 9     FOR AVONDALE INDUSTRIES, INC., AND AMERICAN
10     MOTORISTS INSURANCE COMPANY:
11     PLAUCHE', MASELLI, LANDRY & PARKERSON
12     201 St. Charles Avenue
13     First NBC Center, Suite 4240
14     New Orleans, Louisiana 70170-4240
15     BY:  ROBERT E. CARAWAY, III, ESQ.
16
17     FOR EAGLE, INC.:
18     MONTGOMERY, BARNETT, BROWN, READ, HAMMOND AND
19     MINTZ
20     1100 Poydras Street
21     Energy Centre, Suite 3200
22     New Orleans, Louisiana 70163-3200
23     BY:  LAWRENCE G. PUGH, III, ESQ.
24
25
```

TWO LAKEWAY CENTER - SUITE 1465 - METAIRIE, LOUISIANA 70002

Williams & Jankowski, L.L.C. (504) 832-0937-FAX (504) 834-6629 6 (11-12)

"

```
 1   responsiveness of the question.
 2       MR. SWARR:
 3           I agree with that.
 4   EXAMINATION BY MR. SWARR:
 5       Q.   Mr. Bossier, could you give me your
 6   full name.
 7       A.   It's Albert Louis Bossier, Jr.
 8       Q.   What is your address, sir?
 9       A.   17 Chateau Palmer Drive, Kenner,
10   Louisiana 70065.
11       Q.   Sitting here today, Mr. Caraway is
12   your attorney?
13       A.   That's correct.
14       Q.   Does Mr. Caraway represent you in any
15   other matters pending?
16       MR. CARAWAY:
17           Any other current lawsuits in which
18   Mr. Bossier is a defendant?
19       MR. SWARR:
20           Yes.  Well, he's not a defendant in
21   Adams.
22       MR. CARAWAY:
23           He's not a defendant in Adams, but he
24   is a defendant and has been made a defendant in
25   our asbestos lawsuits, and I can't tell you,
```

n

```
 1   sitting here today, which ones they are, but
 2   there are some pending.
 3       MR. SWARR:
 4           To the extent that you've been made
 5   a defendant in other asbestos-pending lawsuits,
 6   Mr. Caraway or some of the other lawyers who
 7   typically represent Avondale --
 8       MR. CARAWAY:
 9           Right, either me or Gary Lee.
10   Certainly for the purposes of all of this
11   litigation, Mr. Bossier is my client.
12   EXAMINATION BY MR. SWARR:
13       Q.   Do you pay Mr. Caraway to represent
14   you, or is that handled through the insurance
15   policies that were issued to Avondale back in
16   the relevant time period, like this time when a
17   lot of this stuff was alleged to have happened?
18       MR. CARAWAY:
19           I can answer that.  Mr. Bossier does
20   not pay me.
21   EXAMINATION BY MR. SWARR:
22       Q.   Mr. Bossier, where were you born?
23       A.   Gramercy, Louisiana.
24       Q.   And when?
25       A.   November 29, 1932.
```

TWO LAKEWAY CENTER - SUITE 1465 - METAIRIE, LOUISIANA 70002

Williams & Jankowski, L.L.C. (504) 832-0937-FAX (504) 834-6629  2 (97-98)

```
 1                    REPORTER'S CERTIFICATE
 2
 3           I, Louis Jankowski, Certified Court
 4   Reporter, in and for the State of Louisiana, do
 5   hereby certify that the within witness, after
 6   being first duly sworn to testify to the truth,
 7   the whole truth, and nothing but the truth, did
 8   testify as hereinbefore set forth, in the
 9   foregoing pages;
10           That the testimony was reported by me
11   in shorthand and transcribed under my personal
12   direction and supervision, and is a true and
13   correct transcript, to the best of my ability
14   and understanding;
15           That I am not of counsel, not related
16   to counsel, and in no way interested in the
17   outcome of this event.
18
19
20
21
22
23                        LOUIS JANKOWSKI, C.C.R.
24
25
```

OFFICIAL SEAL
LOUIS JANKOWSKI
Certified Court Reporter
in and for the State of Louisiana
Certificate Number 76910
Certificate expires 12-31-00

```
 1                    WITNESS' VERIFICATION
 2
 3
 4
 5           I do hereby verify that I have
 6   read or have had read to me the above and
 7   foregoing transcript, and that it is true and
 8   correct, to the best of my ability and
 9   understanding, subject to the attached
10   corrigendum, if any.
11
12
13
14
15
16
17
18
19
20                    (WITNESS' SIGNATURE)
21
22
23
24
25
```

TWO LAKEWAY CENTER - SUITE 1465 - METAIRIE, LOUISIANA 70002

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.   2019-03825                    SECTION 14                    DIVISION "I"

GAIL B. PERKINS, INDIVIDUALLY AND ON BEHALF
OF HER DECEASED HUSBAND, LUCIUS T. PERKINS

VERSUS

HUNTINGTON INGALLS INCORPORATED, ET AL.

FILED: _____

_____
DEPUTY CLERK

### VOLUNTARY MOTION AND ORDER TO DISMISS WITHOUT PREJUDICE

**NOW INTO COURT,** through undersigned counsel, comes plaintiff, Gail P. Perkins, Individually and on Behalf of her Deceased Husband, Lucius T. Perkins, who respectfully moves the Court for an order dismissing all claims of plaintiff against Albert L. Bossier, Jr. and Huntington Ingalls Incorporated (f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., f/k/a Avondale Shipyards, Inc., and f/k/a Avondale Marine Ways, Inc.) in the above-captioned matter, without prejudice, with each party to bear its own costs, and reserving to plaintiff all rights, claims and causes of action which she may have against all other parties, individuals and entities.

**CONSIDERING THE ABOVE AND FOREGOING, IT IS HEREBY ORDERED** that all claims of plaintiff, Gail P. Perkins, Individually and on Behalf of her Deceased Husband, Lucius T. Perkins, against Albert L. Bossier, Jr. and Huntington Ingalls Incorporated (f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., f/k/a Avondale Shipyards, Inc., and f/k/a Avondale Marine Ways, Inc.), in the above-captioned matter, BE AND ARE HEREBY DISMISSED, WITHOUT PREJUDICE, with each party to bear its own costs, and reserving to plaintiff all rights, claims and causes of action which she may have against all other parties, individuals and entities.

New Orleans, Louisiana, this _____ day of   **JUN 1 4 2019** , 2019.

_____
Hon. Piper D. Griffin, Judge, Division I/14

[Signature block on following page]

SHERIFFS COSTS PAID

Gail P. Perkins, Individually and on Behalf of her Deceased Husband, Lucius T. Perkins vs.
Huntington Ingalls Incorporated, et al.
Civil District Court for the Parish of Orleans
Case No. 2019-03825, Division I, Section 14
Voluntary Motion and Order to Dismiss Without Prejudice (Page Two)

Respectfully Submitted:

**RON AUSTIN & ASSOCIATES, L.L.C.**

Ron A. Austin (Bar No. 23630)
Jevan S. Fleming (Bar No. 26030)
400 Manhattan Boulevard
Harvey, LA 70058
Telephone: (504) 227-8100
Facsimile: (504) 227-8122
Email: jfleming@ronaustinlaw.com
**Attorneys for Plaintiff**
**Gail P. Perkins, Individually**
**and on Behalf of her Deceased Husband,**
**Lucius T. Perkins**

## CERTIFICATE OF SERVICE

I do hereby certify by my signature hereinabove, I have on the _14th_ day of _June_, 2019, served a copy of the foregoing pleading on counsel for all parties to this proceeding via e-mail, facsimile and/or mailing same by United States mail, properly addressed, and first class postage paid.