UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GAIL B. PERKINS | CIVIL ACTION |
| VERSUS | NO: 19-11310 |
| HUNTINGTON INGALLS, INC. ET AL. | SECTION: T |

## ORDER

Before the Court is an unopposed Motion for Summary Judgment[1] filed by Lamorak Insurance Company ("Lamorak"). For the following reasons, the motion for summary judgment is **GRANTED.**

## FACTUAL AND PROCEDURAL BACKGROUND

Gail B. Perkins ("Plaintiff") has filed a survival and wrongful death claim alleging that her husband, Lucius Perkins, contracted a disease as a result of being exposed to benzene between 1983 and 2009 while he was employed by Avondale Shipyard. Plaintiff named Lamorak as a defendant in this suit, as successor to Commercial Union Insurance Company, for the alleged liability of Avondale and its executive officers. Lamorak moves for summary judgment contending Lamorak is entitled to judgment as a matter of law because it is undisputed that Lamorak did not issue any policies of insurance to Avondale that were in effect after July 5, 1972.[2]

## LAW AND ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] When assessing

---

[1] R. Doc. 11.
[2] R. Doc. 11.
[3] Fed. R. Civ. P. 56(a).

1

whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[4] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[5] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.[6]

In this case, it is undisputed that Lamorak did not issue any policies of insurance to Avondale that were in effect after July 5, 1972.[7] Louisiana law provides that insurance policies are triggered only if exposure occurred during the policy periods.[8] Therefore, since Lamorak did not issue any policies of insurance to Avondale during the alleged exposure period, Lamorak can have no liability in the case.

## **CONCLUSION**

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Summary Judgment [9] is **GRANTED,** and Plaintiff's claim against Lamorak Insurance Company is **DISMISSED WITH PREJUDICE.**

**New Orleans, Louisiana**, on this __29th__ day of January, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[4] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398–99 (5th Cir. 2008).
[5] *Galindo v. Precision Am. Corp*., 754 F.2d 1212, 1216 (5th Cir. 1985).
[6] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).
[7] R. Doc. 11-4.
[8] *See Cole v. Celotex Corp.,* 599 So. 2d 1058, 1076–77 (La. 1992).
[9] R. Doc. 11.