UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GAIL B. PERKINS, INDIVIDUALLY AND ON BEHALF OF HER DECEASED HUSBAND, LUCIUS T. PERKINS** | **CIVIL ACTION**<br><br>**NO: 19-11310** |
| **VERSUS** | **SECTION: T** |
| **HUNTINGTON INGALLS INDUSTRIES, ET AL.** | |

## ORDER

Before the Court are two related motions for summary judgment filed by Ameron International Corporation ("Ameron")[1] and International Paint LLC ("IP").[2] Gail Perkins, Individually, and on behalf of Decedent Lucius T. Perkins, ("Plaintiff") has not filed an opposition. For the following reasons, the Motions for Summary Judgment[3] are **GRANTED.**

## BACKGROUND

Plaintiff filed suit in Civil District Court for the Parish of Orleans alleging that Decedent contracted Acute Myeloid Leukemia ("AML") as a result of benzene exposure while working as a painter, outfitter, and shipfitter at Avondale's Algiers yard in Orleans Parish. Plaintiff further alleged that Decedent was exposed to benzene and benzene-containing products distributed, manufactured and sold by Ameron and by IP. However, Ameron and IP contend that Plaintiff has had ample opportunity to conduct discovery and that there is no evidence to support Plaintiff's claims against Ameron or IP. Ameron and IP claim that there are no fact witnesses or expert witnesses to support that either Ameron or IP are liable for Decedent's alleged benzene exposure. Therefore, Ameron and IP assert that Plaintiff's claims should be dismissed.

---

[1] R. Doc. 32.
[2] R. Doc. 34.
[3] R. Docs. 32 and 34.

1

## LAW AND ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[5] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[6]

Ameron and IP claim that Plaintiff cannot meet her burden of proof. In any personal injury suit, the plaintiff bears the burden of proving causation by a preponderance of the evidence.[7] A cause is a legal cause in fact if it has a proximate relation to the harm which occurs.[8] "A proximate cause is generally defined as any cause which, in natural and continuous sequence, unbroken by any efficient, intervening cause, produces the result complained of and without which the result would not have occurred."[9] Proof of causation in toxic tort cases has two components, general and specific.[10] "General causation" refers to whether a substance is capable of causing a particular injury or condition in the general population, while "specific causation" refers to whether a substance caused a particular individual's injury.[11]

---

[4] Fed. R. Civ. P. 56(a).
[5] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).
[6] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[7] *Maranto v. Goodyear Tire & Rubber Co.*, 94-2603 (La. 2/20/95), 650 So.2d 757.
[8] *Butler v. Baber,* 529 So.2d 374 (La.1988).
[9] *Sutton v. Duplessis,* 584 So.2d 362, 365 (La.App. 4 Cir.1991).
[10] *Pick v. American Medical Systems, Inc.,* 958 F.Supp. 1151, 1164 (E.D. La.1997).
[11] *Knight v. Kirby Inland Marine, Inc*., 482 F.3d 347, 351 (5th Cir. 2007).

In this case, Plaintiff has failed to produce any evidence to support her claim against Ameron or IP. Plaintiff failed to respond to the pending motions for summary judgment which contend that Plaintiff has not identified any witnesses to support her claim or any documentary evidence to support her claim. Plaintiff has no support that her late husband's diagnosis of AML was the result of benzene exposure sufficient to sustain her burden of proof with regard to general causation. Additionally, Plaintiff has offered no evidence that the Decedent worked with or around any benzene-containing product supplied, manufactured, or distributed by Ameron or IP. Without evidence to support Plaintiff's claims against Ameron or IP, Ameron and IP are entitled to judgment as a matter of law dismissing Plaintiff's claims.

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the Motions for Summary Judgment[12] are **GRANTED.**

**New Orleans, Louisiana**, on this 5th day of October, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[12] R. Docs. 32 and 34.